## Central States Fire Insurance Company of Wichita, Kansas v. Holland.

(Decided February 8, 1927.)

(Rehearing Denied and Opinion Extended June 7, 1927.)

### Appeal from Perry Circuit Court.

1. Insurance.—Insured, of whom insurer's agent made no inquiry as to prior insurance or his reasons for asking insurance, was not required to say anything to agent about prior insurer's refusal to renew policy.

2. Insurance.—Insurer cannot complain of insured's false representation to partner of agent, who signed policy with knowledge of facts that agent had approved the writing thereof and told insured that it would be issued.

3. Contracts.—Contract obtained by fraud is not void, but only voidable at the election of the party defrauded.

4. Contracts.—Defrauded party's receipts and retention of consideration, with knowledge of fraud, is ordinarily an election to stand by the contract.

5. Insurance.—It was incumbent on insurer to act with reasonable promptness after discovering insured's fraud by which policy was obtained, for it could not keep premium, without complaint, with knowledge of fraud, and then maintain that property was not insured.

6. Insurance.—Insurer's answer in action on fire policy held bad on demurrer, as not showing failure to discover insured's fraud in obtaining policy before house burned nor alleging facts in avoidance of admitted facts, warranting inference that its agent knew that policy had been issued.

F. M. DRAKE and MORGAN, EVERSOLE & BOWLING for appellant.

SAUFLEY & WARD for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Appellant on March 6, 1925, in consideration of $13.50, then paid to it by appellee, insured his dwelling house in the sum of $1,000 and household and kitchen furniture in the sum of $500, for one year from that date, as shown by a policy then issued to him by it. On April 6, 1925, the house burned, and there was a total loss of the house and furniture. Notice of the loss was given;

the defendant denied any liability. Thereupon, on August 25, 1925, this action was brought to recover on the policy. The defendant filed answer; the court sustained the plaintiff's demurrer to the answer; the defendant declined to plead further; and judgment was entered in favor of the plaintiff. The defendant appeals.

The only question made on the appeal is the sufficiency of the answer. It alleged that the insurance contract was obtained by the fraud of the plaintiff in securing same, and these facts were stated: Prior to the making of the contract, plaintiff, Levi Holland, applied to the defendant's agent, Manon Cornett, for insurance on the property, and Cornett informed Holland that he did not know whether he could write the insurance, that Holland would have to ask him about it later, and in the meantime he would ascertain whether the insurance could be written. Prior to this time Holland had held a policy on the property with another agency of another company, which had refused to renew the policy, and had so notified Holland, and it was for this reason that Holland was seeking insurance from Cornett, but Holland did not disclose to Cornett this fact. After the above conversation with Cornett, and without any further communication between them, Holland, on a day when Cornett was away from his office and out of town, went to the office of Cornett and asked his stenographer, Miss Carpenter, to write the insurance, stating to her that Cornett had told him the policy would be issued, and that Cornett had approved the writing of the insurance, but Miss Carpenter, who had heard the conversation between Holland and Cornett, refused to write the policy, and stated to Holland that Cornett had instructed her not to issue the policy. At this time H. M. Baker, who was a partner of Cornett and also an agent of the company, but who did not give active attention to the insurance business, was present in the office, and Holland talked to Baker about writing the policy and represented to Baker that Cornett had approved the writing of the policy and had told him that it would be issued. Baker told Holland that he knew nothing about the matter; that Cornett had said nothing to him about it, but that, if Cornett had approved the writing of the policy, he supposed it would be all right, and instructed Miss Carpenter to issue the policy, and in this manner the policy was obtained by Holland. Baker, in approving and making the contract, relied entirely upon the representation of Holland that it

had been approved by Cornett, had no knowledge to the contrary, and did not rely or act upon his own independent judgment, and but for the representation of Holland would not have made the contract. Cornett did not at any time state to Holland that the contract would be made or had his approval, and did not at any time make any agreement of any kind with Holland that the contract would be made or could be procured upon application to his office, but, on the contrary, as a result of his investigation, had determined not to make the contract. The representation of Holland in obtaining the policy was false, fraudulent, and material, and was made with deliberate and willful purpose of obtaining the insurance, which could not otherwise have been obtained.

It is not alleged that Cornett made any inquiry of Holland about other prior insurance on the property, or his reasons for asking for insurance, and so the answer discloses no reason why Holland should have said anything to Cornett about the action of the other company. Baker was present when Miss Carpenter refused to write the policy and stated to Holland that Cornett had instructed her not to issue the policy. As they were occupying the same office, reasonably Baker would tell Cornett on his return what he had done in his absence, in view of what Miss Carpenter had said in his presence. There is no allegation in the answer that the insurance company did not know the truth when or soon after it issued the policy, and no showing when it learned the truth, and in addition to this the policy, which is filed with the petition, is signed thus: "This 6th day of March, 1925. Manon Cornett, Manager, Agent." It is not alleged that Cornett signed the policy in ignorance of the facts. He well knew what had taken place between him and Holland, and, if he issued the policy, the defendant cannot complain that Holland misrepresented the matter to Baker. It is not shown that Cornett did not personally sign the policy and no explanation is made of his signature to it. The defendant has kept Holland's money and made no offer to return it.

A contract obtained by fraud is not void. It is only voidable at the election of the party defrauded, and, where he has received the consideration and keeps the consideration with knowledge of the fraud, this is ordinarily an election to stand by the contract. 6 R. C. L. 635; 13 C. J. 394. It was incumbent upon the insurance company to act with reasonable promptness after dis-

covering the fraud, if a fraud was practiced upon it, for it could not keep the premium with knowledge of the fraud and without complaint and then maintain that the property was not insured. The answer not showing that the defendant had not discovered the fraud before the house burned, and failing to allege any facts in avoidance of the admitted facts from which the knowledge of Cornett that the policy had been issued may be inferred, the demurrer to the answer was properly sustained.

It is not intimated that the property was an undesirable risk, except that perhaps such inference may be drawn from the former policy not being renewed by the insurer at maturity, nor is it intimated that Holland made any representations to Cornett, nor is it claimed that the latter told him that he would not issue the policy; the statement being that he (Cornett) would ascertain whether the policy could be written and for Holland to ask him later. Holland applied at Cornett's office during his absence, and told the stenographer (Miss Carpenter) that Cornett had approved the issual of the policy. Miss Carpenter informed him that Cornett had instructed her not to issue it. Mr. Baker, the business associate and partner of Cornett, who had equally authority with him in the insurance agency, was in the office and took the matter up. Holland told him that Cornett approved the policy. Miss Carpenter told him the contrary, whereupon, with full knowledge of a dispute over Cornett's attitude, Baker accepted the application and premium and directed the policy to issue. When delivered, it was signed, "Manon Cornett, Manager Agent." This circumstance is not explained in the answer, nor is it alleged that Cornett, who officed with Baker, did not subsequently give his approval. It is alleged that Baker relied solely on Holland's statement that Cornett had approved the policy and would not have issued it otherwise; but, when the pleading is construed most strongly against the pleader, it is clear that he had notice from Miss Carpenter, his own employee, that Cornett was refusing to approve it. The company retained the premium and did not offer to cancel the policy until after the fire; there is no showing that the company had not learned the facts before the fire, and without such a showing it cannot, on the facts admitted by the answer, be heard to complain for the first time after the fire had changed the situation of the parties.

Judgment affirmed.